No. 13-9

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA, Plaintiff-Appellee,

vs.

BRANDON LEON BASHAM, Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina
Hon. Joseph F. Anderson, Jr., District Judge, Presiding
D.C. No. 4:02-cr-992-JFA-2

## JOINT APPENDIX AND INDEX
## VOLUME 24

JON M. SANDS
Federal Public Defender
MICHAEL L. BURKE
SARAH STONE
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2816   voice
(602) 889-3960   facsimile
michael_burke@fd.org
sarah_stone@fd.org

*Attorneys for*
*Defendant-Appellant Basham*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>-v-<br><br>BRANDON LEON BASHAM,<br><br>Defendant. | No. 4:02-992-JFA<br><br>Judge Joseph F. Anderson, Jr.<br><br>Defendant Brandon Leon Basham's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure |

Defendant Brandon Leon Basham, through undersigned counsel, moves pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's Order Denying Petition for Relief Under 28 U.S.C. § 2255 ("Order") (Docket Number ("Dkt.") 1577) and the accompanying Judgment (Dkt. 1578). Pursuant to Rules 7.04 and 7.05 of the Local Civil Rules for the United States District Court for the District of South Carolina, Mr. Basham's Motion to Alter or Amend Judgment is supported by the attached Memorandum in Support.

Respectfully submitted this 3rd day of July, 2013.

s/Julia Grace Mimms
Julia Grace Mimms, Esquire
Attorney for Defendant
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
(704) 333-1301 Telephone

1

**JA 7448**

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>-v-<br><br>BRANDON LEON BASHAM,<br><br>Defendant. | No.  4:02-992-JFA<br><br>Judge Joseph F. Anderson, Jr.<br><br>Memorandum in Support of Defendant Brandon Leon Basham's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure |

Defendant Brandon Leon Basham requests that the Court alter or amend its Order and Judgment of June 5, 2013.  Dkt. 1577 and 1578.  Mr. Basham respectfully submits that the Court's Order contains clear errors of law that undermine the Court's holdings and warrant correction by the Court.

## BACKGROUND

In September 2004 a jury convicted Mr. Basham of, among other crimes, carjacking resulting in death and kidnapping resulting in death.  Tr. 9/30/04 at 56-58.  In November 2004, the same jury returned verdicts of death for those two counts and this Court subsequently imposed sentences of death by lethal injection for the counts, as well as various terms of years totaling 55 years for the other crimes for which Mr. Basham was convicted.  Tr. 11/2/04 at 4-14; Tr. 2/14/05 at 57-64.

**JA 7450**

The United States Court of Appeals for the Fourth Circuit affirmed Mr. Basham's convictions and sentences. *United States v. Basham*, 561 F.3d 302 (4th Cir. 2010). Mr. Basham filed his Motion for Collateral Relief Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") on June 1, 2011 (Dkt. 1394), and this Court conducted an evidentiary hearing in October and December 2012. On June 5, 2013, it issued an order denying the § 2255 Motion in its entirety. Dkt. 1577. That order and the accompanying judgment are the subject of this motion to alter or amend.

### RULE 59(e)

The Fourth Circuit recognizes three grounds for amending a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure: (1) to accommodate an intervening change in the law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pacific Ins. Co. v. American National Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In this Motion, Mr. Basham invokes the third of these grounds. Specifically, he submits that, in the incidents identified in this Motion, the Court has either committed clear errors of law or has misconstrued the record in such a way that its ruling, if allowed to stand, will result in a manifest injustice.[1]

---

[1] Mr. Basham continues to assert that all claims set forth in his § 2255 Motion are meritorious. His decision not to address any particular claim in this motion constitutes neither a waiver nor a withdrawal of that claim. Rather, Mr. Basham

## ARGUMENT

**Claim 11**

Mr. Basham alleged in Claim 11 of his § 2255 Motion that the Government violated its due process obligations under *Napue v. Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972), when it failed to correct testimony from Sheriff Ronald Hewett that it knew or should have known to be false. *See, e.g.*, Dkt. 1465 at 62-72. In its Order of June 5, 2013, the Court found Claim 11 to be procedurally defaulted and, in the alternative, to be meritless. Dkt. 1577 at 46-50. Mr. Basham respectfully submits that the Court's analysis of Claim 11 is premised on a clear error of law and must be reconsidered.

As a threshold matter, the Court's characterization of Claim 11 as a claim concerning the "Government's alleged inconsistent positions regarding the strap statement," Dkt. 1577 at 46, reflects a crucial misunderstanding of the nature and constitutional basis of Mr. Basham's allegation. Claim 11 does not concern the conflicting positions the Government adopted in the Fulks and Basham trials concerning who wielded the purse strap used to strangle the victim. Rather, it addresses the Government's indisputable obligation to correct testimony it knew or should have known was false.

---

addresses in this motion claims in which the Court has committed a clear error of law that should be corrected before this case is reviewed on appeal.

**JA 7452**

This Court's analysis of Mr. Basham's *Napue/Giglio* claim commits clear error in at least two aspects. First, it mistakenly limits *Napue*'s scope to the Government's *knowing* use of false testimony. *See* Dkt. 1577 at 48 ("*Napue* prohibits the government from using testimony known to be false in a criminal case."). *Napue* and *Giglio* impose a higher burden on the prosecution than simply prohibiting the affirmative use of perjured testimony. While it is true that "[a] conviction acquired through the knowing use of perjured testimony by the Government violates due process," *United States v. Kelly*, 35 F.3d 929, 933 (4th Cir. 1994) (citing *Napue*, 360 U.S. at 269), due process is violated "regardless of whether the Government solicited testimony it knew or *should have known* to be false or *simply allowed such testimony to pass uncorrected*." *Id.* (emphasis added) (citing *United States v. Agurs*, 427 U.S. 97, 103 (1976); and *Giglio*, 405 U.S. at 153).

This Court expressly found in its Order that "the government . . .shied away from the opportunity to ask Hewett to be more specific." Dkt. 1577 at 33. The Government may not, consistent with due process, "shy away" from the truth in a criminal prosecution when it has reason to believe, or should have reason to believe, that a witness has presented false testimony. Mr. Basham submits that the only reasonable explanation for the Government's failure to ask Sheriff Hewett "to be more specific" was its concern that Hewett perjured himself when, contrary to

6

**JA 7453**

all other evidence in the case, he testified that Mr. Basham physically demonstrated how he (Basham) strangled the victim.  The Government, however, could not constitutionally allow such false testimony "to pass uncorrected."  *Kelly*, 35 F.3d at 933.  By limiting its review of Mr. Basham's *Napue/Giglio* claim to the question of the Government's *knowing* use of false testimony, Dkt. 1577 at 48, the Court thus committed clear error.

Second, and more troubling, although the Court acknowledges Mr. Basham's reliance on *Napue* and *Giglio*, it fails to apply those cases to the issue presented.  Instead, the Court conducts an analysis of the unrelated issue of whether the Government presented contradictory or inconsistent theories at the Basham and Fulks trials.  *See* Dkt. 1577 at 49-50.  The issue presented by Claim 11, however, is not whether the Government presented inconsistent theories at the two trials, but whether it sat by in silence at Mr. Basham's trial when Sheriff Hewett presented testimony that the Government knew or should have known to be false.

Here, the understanding of both the prosecution and its case agent, FBI Agent Jeffrey Long, was that, during the Thanksgiving Day search, Mr. Basham implicated his co-defendant, Chadrick Fulks, as the actual killer of the victim.  For example, as Mr. Basham has previously noted, under direct examination by AUSA

**JA 7454**

Johnny Gasser before the Grand Jury on April 22, 2003, Agent Long testified as follows:

> AUSA Gasser:    And Mister Basham – Mister Basham's version of Ms. Donovan's death indicated who actually killed Mister Fulks, through Mister Basham's version of events?

> Agent Long:    Chaddrick [sic] Fulks.

> AUSA Gasser:    And did Mister Basham, though his various version of events provide different means or methods that Mister Fulks may have killed Ms. Donovan?

> Agent Long:    Yes

> AUSA Gasser:    And how were they?

> Agent Long:    Strangulation by a purse strap and then possibly a – a throat slashing.

(Tr. 4/22/03 at 71-72.)

At Mr. Basham's trial, Sheriff Hewett testified for the first time that Mr. Basham had demonstrated that he (Basham) was the actual killer.  Hewett's testimony was contrary to all other evidence in the case, and the Government had a due process obligation not to allow it to stand uncorrected.  *Kelly*, 35 F.3d at 933. By doing nothing when presented with testimony from Hewett that it had reason to know was false, the Government violated Mr. Basham's guarantee of due process, and by failing to address Mr. Basham's claim within the context of *Napue* and *Giglio*, this Court committed clear error.

**JA 7455**

The Court makes much of the supposed ambiguity of Sheriff Hewett's testimony concerning Mr. Basham's alleged demonstration concerning use of "the strap." *See, e.g.*, Dkt. 1477 at 31-34.  For example, the Court focuses on Hewett's use of the passive, rather than the active, voice as a factor contributing to the statement's ambiguity.  *Id.* at 32.  Of course, the statement was spoken by Hewett in court, and the jury (as well as the prosecution) would have been able to hear vocal inflections that almost certainly would have dispelled any ambiguity as to Hewett's intent in the statement.  Nevertheless, the alleged ambiguity of the statement cannot immunize the Government from its obligations under the Due Process Clause.  If, as the Court concludes, Sheriff Hewett's "strap" testimony was ambiguous as to whether Mr. Basham, contrary to the parties' previous understanding of the evidence, implicated himself as Alice Donovan's actual killer, the Government had an obligation to investigate the veracity of Hewett's testimony on this point.  "When a prosecutor suspects perjury, the prosecutor has a duty to at least investigate.  The duty to act 'is not discharged by attempting to finesse the problem by pressing ahead without a diligent and good faith attempt to resolve it." *Morris v. Ylst*, 447 F.3d 735, 744 (9th Cir. 2006) (quoting *Northern Mariana Islands v. Bowie*, 243 F.3d 1109, 1118 (9th Cir. 2001)).

The Court's Order, however, fails to address this important aspect of the Government's due process obligation.  By focusing instead on whether the

9

**JA 7456**

Government "adopted" Mr. Basham's "self-serving statement that Fulks was the killer," Dkt. 1577 at 49, the Court applies an incorrect legal standard. It is irrelevant to the due process claim before the Court in Claim 11 whether or not the prosecution believed Mr. Basham's statements to law enforcement officers that Fulks was the actual killer. The issue is whether the Government knew or had reason to know the Sheriff Hewett was presenting false testimony when he testified, contrary to all other evidence in the case, that Basham had implicated himself as the actual killer. Moreover, it is not sufficient for the Court to conclude that the Government could not have been *certain* whether Hewett committed perjury. The Government had an affirmative obligation to investigate this issue to determine whether Hewett testified falsely. It could not, as the Court found that it did, simply "sh[y] away" from the issue. Dkt. 1577 at 33.

Mr. Basham acknowledges that the Court's merit analysis of his *Napue/Giglio* claim is offered as an alternative ruling to its primary conclusion that the claim is procedurally defaulted. *See* Dkt. 1577 at 48. Nevertheless, the Court's apparent misunderstanding of Claim 11, and its misstatement of the controlling constitutional standard, necessarily informs the Court's corollary ruling that Mr. Basham has failed to establish cause and prejudice. Specifically, the Court concludes that all of the issues raised in Mr. Basham's direct appeal "were superior to the issue asserted in Claim 11." *Id.* Yet, the Court premises its procedural

10

default ruling on an analysis of the merits of Claim 11 that is clearly erroneous. Until this Court conducts an appropriate analysis of the merits of Mr. Basham's *Napue/Giglio* claim, it cannot reasonably conclude that that claim is less meritorious than those raised in his direct appeal.

**Claim 15**

In Claim 15 of his § 2255 Motion, Mr. Basham alleged that his trial attorneys rendered ineffective assistance of counsel when they failed properly to object to the admission of extensive and unfairly prejudicial prior act evidence concerning the kidnapping of Samantha Burns in West Virginia.  Dkt. 1394 at 60-67.  Mr. Basham argued that no justifiable strategy could have supported trial counsel's utter failure to limit, in any respect, the extensive and frequently emotional testimony of several witnesses who testified about the life and disappearance of Ms. Burns.  *See id.*; *see* also Dkt. 1465 at 85-88.  At the evidentiary hearing, Mr. Basham presented the testimony of his legal standard-of-care expert, Larry Hammond, who opined that the performance of trial counsel in this regard fell below the minimal standards of competence expected of a federal capital trial attorney.  Tr. 10/16/12 at 863-66.  The Government offered no expert testimony to counter Mr. Hammond's opinion.

In its Order denying Mr. Basham relief, however, the Court entirely fails to address Claim 15 as a claim of ineffective assistance of counsel.  *See* Dkt. 1577 at

122-29. This failure constitutes a clear error of law that this Court must remedy. Mr. Basham alleged a claim of ineffective assistance of counsel and provided uncontradicted expert testimony in support of that claim. The Court, however, inaccurately describes Claim 15 as addressing merely "evidence regarding the kidnapping and death of Samantha Burns." Dkt. 1577 at 122. Although the Court initially acknowledges that Mr. Basham "argues that his trial attorneys rendered ineffective assistance of counsel when they failed to properly object to the admission of unfairly prejudicial prior act evidence during the guilt phase of trial," Dkt. 1577 at 122, in the subsequent seven pages of its analysis, it fails to cite *Strickland v. Washington*, 466 U.S. 668 (1984), or any other decision concerning ineffective assistance of counsel. Likewise, it fails to conduct any deficient performance or prejudice analysis, as is required by *Strickland* and its progeny. Indeed, the entirety of the Court's ruling on Claim 15 is committed to an analysis of whether testimony from Samantha Burns's family and friends was properly admitted at Mr. Basham's trial.

Ironically, in examining the propriety of the testimony from Samantha Burns's family and friends, the Court (apparently as a justification for its admission of the evidence) notes several times in its analysis that trial counsel *failed to object to the evidence*. *See* Dkt. 1577 at 123, 123 n.52, and 129. Yet that is precisely the point of Claim 15. Mr. Basham alleged that his trial counsel

rendered deficient performance in failing to object to the extent and scope of the evidence concerning Samantha Burns's disappearance. The Court's Order fails to address the legal basis of Claim 15: ineffective assistance of counsel. The Court's failure to address Mr. Basham's Sixth Amendment claim constitutes clear error.

Moreover, even if Claim 15 had been merely a generic challenge to the Court's admission of the extensive testimony concerning Samantha Burns, the Court's explanation for why the evidence was admissible and not unfairly prejudicial does not withstand even cursory scrutiny. The Court maintains that "it was necessary for the government to provide for the jury the precise details relating to Burns's disappearance" so that it could "disabuse the jury of any notion that Burns was a renegade teenager who might have run away from home, eloped with a boyfriend, or disappeared for reasons of her own." Dkt. 1577 at 125.

Yet, as the Court most certainly knows, the Government informed the jury as early as its opening statement that Samantha Burns was dead. Tr. 9/13/04 at 27 (stating that Burns's decision to go shopping on November 11, 2002, "cost her her life"), 28 (stating that Basham and Fulks "chose to kill her"), 29 (referencing "Samantha Burns's death"). Moreover, Mr. Basham's own attorney stated to the jury in opening statements that his "heart [went] out to the family of Samantha Burns for what happened to her," which he described as "horrible" and "despicable." *Id.* at 62-63.

13

The possibility that Samantha Burns had voluntarily "run away" or "eloped" was never put forth by the defense and was never suggested to the jury. To the contrary, the jury heard ample evidence (both through testimony and stipulation) to convince it that Ms. Burns was dead. For example, the Government presented testimony that law enforcement, acting on information received from the FBI after Mr. Basham's arrest, searched for Samantha Burns's body in the Guyandotte River in West Virginia. Tr. 9/23/04 at 31-50. The jury similarly heard testimony and saw photographic evidence indicating that a Caucasian male in a ski mask had attempted to use Samantha Burns's ATM card on the night she disappeared. Tr. 9/23/04 at 89-93. Mr. Basham's trial counsel *stipulated* with the Government that the person depicted in those photographs was Mr. Basham's co-defendant, Chadrick Fulks. *Id.* at 93. Further, the jury heard testimony from Sergeant Arthur Arnold of the West Virginia State Police that, based on statements Mr. Basham made to law enforcement officers after his arrest, he had informed Samantha Burns's parents that she was dead. *Id.* at 108-09. Moreover, one of Mr. Basham's prior attorneys, Richard Hughes, testified that Mr. Basham had authorized him to inform law enforcement that Samantha Burns was dead. *Id.* at 232-34. In fact, the Government concluded its examination of Mr. Hughes with the following:

Mr. Schools:    And once again, Mr. Hughes, based on the information that you were authorized to provide, no question about it, Samantha Burns is dead?

14

**JA 7461**

Mr. Hughes:        No question.

Tr. 9/ 23/04 at 239.

Thus, it is insupportable for the Court to conclude that it was "necessary" for the Government to call to the stand the multiple family members and close friends of Ms. Burns to establish that her disappearance was involuntary. Dkt. 1577 at 125. Plainly, the voluntariness of Ms. Burns's disappearance was never at issue in Mr. Basham's trial.

Mr. Basham respectfully submits that the Court committed clear error in its adjudication of Claim 15. First, it entirely failed to analyze the claim as a Sixth Amendment claim of ineffective assistance of counsel. Second, its conclusion that "it was necessary for the government to provide for the jury the precise details relating to Burns's disappearance" so that it could "disabuse the jury of any notion that Burns was a renegade teenager who might have run away from home, eloped with a boyfriend, or disappeared for reasons of her own," Dkt. 1577 at 125, is plainly unsupported by the record. Samantha Burns's kidnapping and murder were never contested by the defense, and the jury was informed from the very outset of the case that Ms. Burns was dead. The Court's justification for the admission of this evidence is clearly erroneous.

**JA 7462**

## CONCLUSION

For the foregoing reasons, Mr. Basham requests that the Court alter or amend its Order and Judgment in this case and grant Mr. Basham appropriate relief.

Respectfully submitted this 3rd day of July, 2013.

s/Julia Grace Mimms
Julia Grace Mimms, Esquire
Attorney for Defendant
Law Office of Julia G. Mimms, P.A.
1001 Elizabeth Avenue, Suite 1A
Charlotte, North Carolina 28204
(704) 333-1301 Telephone

s/Michael L. Burke
Michael L. Burke (Arizona Bar No. 013173)
Sarah Stone (Arizona Bar No. 022713)
Assistant Federal Public Defenders
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
sarah_stone@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

Attorneys for Defendant
Brandon Leon Basham

**JA 7463**

## Certificate of Service

I hereby certify that on July 3, 2013 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this document through the Court's system.

Stephanie Bame
Legal Assistant
Capital Habeas Unit

JA 7464

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA ) Cr. No. 4:02-992-JFA
)
v. )
)
BRANDON LEON BASHAM )

**MEMORANDUM IN RESPONSE TO PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The United States respectfully requests the Court deny Petitioner Brandon

Leon Basham's ("Basham") Motion to Alter or Amend Pursuant to Rule 59(e) of

the Federal Rules of Civil Procedure based on the following.

I.  Law Governing Rule 59(e)

Reconsideration of a judgment is an extraordinary remedy that should be

used sparingly.  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.

1998).  A motion to alter or amend a judgment may be granted for only three

reasons: (1) to follow an intervening change in controlling law; (2) to account for

new evidence not available at trial; or (3) to correct a clear error of law or prevent a

manifest injustice.  Id.  "Rule 59(e) permits a court to alter or amend a judgment,

but it may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment."  Exxon

Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008).  It is not a vehicle for re-

1

**JA 7465**

argument of the very issues a district court has previously decided. Delong v. Thompson, 790 F.Supp. 594, 618 (E.D.Va. 1991). Mere disagreement with a district court's ruling does not support a Rule 59(e) motion. Rivas v. United States, 2009 WL 4800772 (W.D.N.C. 2009)(citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)).

II. The Court did not commit clear error in rejecting Claim 11.

Basham alleged in Claim 11 of his §2255 motion that the Government engaged in misconduct, and violated its due process obligations under Napue v. Illinois, 360 U.S. 264 (1959), and Giglio v. United States, 405 U.S. 150 (1972), when it failed to correct testimony by Sheriff Ronald Hewett which Basham alleges to be false. Dkt. Entry No. 1393 at 54. The Court found Claim 11 to have no merit. In order to prevail on this claim, Basham needed to demonstrate that: (1) the testimony was false; (2) the Government knew the testimony was false; and (3) there is a reasonable probability that the false testimony could have affected the verdict. United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004)(internal citations omitted). The Court did not clearly err in rejecting Claim 11.

A. The Court understood and addressed the issue raised by Basham in Claim 11.

Basham asserts that the Court's captioning of Claim11 in its order denying relief "as a claim concerning the 'Government's alleged inconsistent positions

2

**JA 7466**

regarding the strap statement,' reflects a crucial misunderstanding of the constitutional basis of Mr. Basham's allegations." Pet.'s Mem. at 5. Basham states: "The issue is whether the Government knew or had reason to know that Sheriff Hewett was presenting false testimony when he testified, contrary to all other evidence in the case, that Basham had implicated himself as the actual killer." Id. at 10.

The Court's caption in its order, however, reflects the basis Basham sets forth for his argument. Basham's entire claim is based on an allegation that Sheriff Hewett's testimony was false, and that the "evidence" of this falsity, and of the Government's knowledge of it, is that the Government took "inconsistent positions" regarding whether Fulks or Basham used a purse strap to kill Alice Donovan. In his Reply to the Government's Response to his § 2255 Motion, Basham argued: "The Government cannot have it both ways. Either the Government misrepresented Sheriff Hewett's testimony to the Court at Fulks's trial, or they misrepresented it here." He further complained that the Government's closing argument relied on "the testimony of Sheriff Hewett that is in direct contradiction to the Government's position at Fulks's trial that Hewett testified that Basham showed how Fulks strangled Alice Donovan." Dkt. Entry No. 1465 at 70-71. Thus Basham's complaint that the Court mischaracterized his claim, and that

**JA 7467**

"Claim 11 does not concern conflicting positions the Government adopted at the Fulks and Basham trials . . . ." is incorrect.

The Court understood and completely addressed Basham's claim. First, the Court's Order stated Basham's claim as he presented it. Order at 46. It addressed the basis of Basham's claim, discussing the application of the case law argued by Basham to the facts presented by Basham: "Napue prohibits the government from using testimony known to be false in a criminal case. Here, it is argued that Sheriff Hewett's testimony regarding Basham's demonstration of how Basham allegedly used the strap to strangle Donovan was false and that the government knew it." Order at 48. The Court proceeded to address what Basham presented as "proof" that the Government allowed false testimony by Sheriff Hewett - Agent Long's grand jury testimony and AUSA Gasser's statement during a sidebar conference at Fulks' trial.

In Claim 11, Basham argued that because F.B.I. Agent Jeff Long testified before the grand jury that, during the search at Bee Tree Farms, Basham stated that Fulks strangled Alice Donovan, the Government knew Sheriff Hewett was being untruthful when he demonstrated at trial how Basham demonstrated how a purse strap was used to strangle Alice Donovan. Pet.'s § 2255 Mot., Dkt. No. 1393 at 54-55 In response to Basham's argument, the Court observed: "Long's 302 report was not introduced as an exhibit at Basham's trial and merely memorialized

4

Basham's self-serving statements during the investigation.  In no way does it reveal an inconsistent position or false testimony employed by the government at Basham's trial."  Order at 50.

The Court's order also discussed Basham's argument that during a sidebar discussion at Fulks' trial, the prosecutor stated that Basham had said that Fulks strangled Alice Donovan.  Basham argued in his Reply to the Government's Response to his § 2255 motion that the Government's position regarding the purse strap during this sidebar contradicted its position at Basham's trial.  Reply, Dkt. No. 1465, at 65, 71.  The Court pointed out that the prosecutor was arguing that the rule of completeness would require the Court to allow testimony regarding all of Basham's statements, most of which inculpated Fulks, if it allowed testimony regarding Basham's "deer statement."[1]  See Order at 49.  The Court found that the prosecutor's reliance on the rule of completeness during debate over an evidentiary issue does not require a finding that the Government adopted Basham's self-serving statement that Fulks was the killer.  Order at 49.

Thus, the Court discussed the basis for Claim 11 - that Sheriff Hewett allegedly lied, as evidenced by Agent Long's grand jury testimony and AUSA

---

[1] The "deer statement" was an incomplete sentence Basham blurted out during the Bee Tree Farms search.  Basham was stopped mid-sentence by his counsel.  Fulks had wanted to use the partial statement as evidence that Basham was the actual killer of Alice Donovan.

Gasser's sidebar remark.  Having found no merit to the basis, there was nothing more to address. Simply put, Basham offered no evidence that Sheriff Hewett's testimony was perjured, so he failed to satisfy the threshold first prong of the Fourth Circuit's three-prong test.

B.      The Court did not limit the scope of *Napue's* holding.

Basham claims that the Court mistakenly limited <u>Napue</u>'s scope to the Government's knowing use of false testimony.  He asserts that the Fourth Circuit, in <u>United States v. Kelly</u>, 35 F.3d 929, 933 (4th Cir. 1994), held that due process is violated if the Government allows to go uncorrected testimony that it should have known to be false.  The Government notes that in Claim 11 of Basham's § 2255 petition, he, himself, did not include the "should have known" language found in <u>Kelly</u>.[2]  Dkt. Entry 1393 at 54-57.  He only cited to <u>Kelly</u> when he replied to the Government's response to Claim11.   <u>See</u> Reply at 62.   However, it is irrelevant whether the Court considered the standard as stated in <u>Kelly</u>, because Basham has failed to satisfy the threshold requirement to show that the testimony of which he complains was false.  A defendant seeking to vacate a conviction

---

[2]  In <u>Kelly</u>, the Fourth Circuit vacated the conviction because the Government failed to furnish evidence in its possession which would have been highly damaging to the credibility of its main witness.  The court noted that were it not vacating Kelly's conviction on that basis, that it would have remanded the case to the district court to make a factual determination as to whether the main Government witness perjured herself, since factual disputes must be resolved by the district court.  35 F.3d at 935.

**JA 7470**

based on allegedly perjured testimony must show that the testimony was perjured. United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987)(citing Napue v. Illinois, 360 U.S. 264, 269 (1959)).  There is nothing in the record to indicate that Hewett testified falsely.  Basham has pointed to no case that requires the Government to take extraordinary measures to try to reveal a supposed falsehood in its witnesses' testimony.

C.    Basham failed to show evidence of perjured testimony.

Basham complains that the Court failed to apply the holdings of Napue and Giglio.  As discussed above, the Court addressed the bases of Basham's argument. Basham failed to carry his burden under Napue.  It is the defendant's burden to show that the Government deliberately used false testimony to obtain his conviction.  United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987);  United States v. Verser, 916 F.2d 1268, 1271 (7th Cir. 1990).  Mere inconsistencies in testimony by Government witnesses do not establish the Government's knowing use of false testimony.  Griley, 814 F.2d at 971.  Not every testimonial inconsistency that goes uncorrected by the Government establishes a constitutional violation.[3]  916 F.2d at 1271.

---

[3]  The Government is not suggesting that Hewett's testimony was inconsistent.  His testimony at Basham's trial was consistent with his testimony during the Jackson v. Denno hearing that Basham demonstrated how the purse strap was used.

Basham has presented nothing, and the Government is aware of nothing, to show that Hewett testified falsely. Basham's only support for his claim that the Government allowed perjured testimony is based on his own self-serving statements made to investigators during the Bee Tree Farms search. Agent Long's hearsay testimony before the grand jury regarding Basham's statements set forth in a report was not evidence. AUSA Gasser's paraphrasing, during a sidebar conference, of Basham's statements as related by Sheriff Hewett was not evidence. That these statements may have been in conflict with other statements made by Basham in no way proves that Sheriff Hewett's testimony was false or that the Government should have suspected that it was false. See Grose v. United States, Crim. Action No. 5:05-0261, 2011 WL 7461902, *10 (S.D.W.Va. Dec. 19, 2011)(discrepancies or inconsistencies in testimony of government witness's testimony did not establish knowing use of perjured testimony, but, rather go to the credibility of the witness).

After he was apprehended in West Virginia, Basham changed parts of his story several times. Thus, Basham's statements that Fulks was the killer would not have been cause for the Government to believe, or even suspect, that Sheriff Hewett was being untruthful when he testified that Basham showed him how the purse strap was used, especially since other evidence at Basham's trial tended to

8

**JA 7472**

confirm Sheriff Hewett's testimony.   Indeed, the evidence suggests that both Basham and Fulks participated in the actual killing of Alice Donovan.

Tina Severance testified that Basham and Fulks were like "two peas in a pod." Tr. Sept. 14, 2004 at 2-247.  She said they were always talking "amongst themselves," and that they did everything together.  Id. at 2-249.  Clifford Jay testified that Basham admitted to him:  "We killed them."  Information that came to light after Basham's trial supports Sheriff Hewett's, Tina Severance's and Clifford Jay's testimony.  During its investigation of Basham's claims of ineffective assistance of counsel, the Government discovered that Basham had told Richard Hughes, his attorney in West Virginia, regarding Samantha Burns' murder, that he "grabbed one end of Samantha Burns' backpack strap and Fulks grabbed the other and **they simultaneously strangled her**.  Basham later recounted that they took her lifeless body and rolled [it] into the river."  See  § 2255 Evidentiary Hearing, Gov't Exhibit 12 at p 5.    Just as evidence showed that Basham and Fulks had a pattern in the manner they kidnapped their female victims - three times grabbing, or attempting to grab, them from mall parking lots - evidence, along with information obtained in preparation for the § 2255 motion hearing, suggests a possible pattern in the manner in which Basham and Fulks killed their victims.  Together, they strangled them.

**JA 7473**

In summary, there was, and is, no reason for the Government to suspect that Hewett testified falsely. His testimony was corroborated by Clifford Jay's testimony. Defense counsel attempted to raise doubts regarding Sheriff Hewett's account of events by pointing out inconsistencies or gaps in the record. Defense was aware of all evidence in the Government's possession, and more. None of it established that Hewett was lying.

D.    Credibility of the witnesses is the province of the jurors.

Basham challenges the Court's characterization of Sheriff Hewett's testimony as "ambiguous." He asserts that the Court, the jurors, and the prosecution would have heard "vocal inflections that almost certainly would have dispelled any ambiguity as to Hewett's intent in the statement." Memo in Support at 9.

Those present at the trial were certainly in a better position than anyone to determine whether Hewett's testimony was ambiguous. Basham's trial counsel could have questioned Hewett further. For good reason, as discussed in the Court's Order, trial counsel chose not to continue to question Hewett regarding the strap testimony. Further, trial counsel had reason to believe that Basham may have indeed participated in the strangling of Alice Donovan. At the time, the Government was not privy to the highly-incriminating information. Basham has pointed to no case requiring the Government to attempt to impeach its witness's

**JA 7474**

testimony elicited in cross examination or to attempt to resolve ambiguities on redirect examination. Just as Basham's counsel had valid reasons for not asking more questions about the purse-strap demonstration, the prosecution may have had valid, if different, reasons for not asking additional questions.

Ultimately, it was up to the jurors to determine the significance of voice inflections, testimony gaps, and ambiguities. Credibility determinations are the province of jurors. See United States v. Thomas, 987 F.2d 1298, 1300 (7th Cir. 1993)("we see little merit in an argument that would force the prosecutor or trial judge to replace the jury as the arbiter of [the witness's] credibility"). It was up to the jurors to decide whether to believe any, some, or all of Hewett's testimony, and to determine how much weight to give it.[4] It is not known how much weight, if any, the jurors gave to Hewett's testimony. What is clear is that Basham has presented nothing to support his claim that Sheriff Hewett gave perjured testimony. As Basham has failed to show perjured testimony, he cannot show any error under Napue.

---

[4] Since the jurors refrained from finding that Basham actually killed Alice Donovan, it is as likely that they found Hewett's testimony regarding the purse strap demonstration to be ambiguous, or, if they did not find it ambiguous, that they may have discounted Hewett's testimony. Obviously, they did not need to find (nor did they find) that Basham's hands killed Alice Donovan in order to find him deserving of the death penalty.

11

**JA 7475**

III.     The Court did not clearly err in rejecting Claim 15.

Basham contends that the Court committed "clear error" in two ways when it rejected Basham's Claim 15.  First, he claims that the Court failed to analyze the claim as one for ineffective assistance of counsel.  Second, Basham argues that the Court's rejection of Claim 15 was wrong because the voluntariness of Burns's disappearance was never at issue and, therefore, it was unnecessary for the government to establish that her disappearance was involuntary.  Memo in Support at 11-15.   Both these contentions fail.

A. The Court correctly rejected Claim 15 because Basham suffered no prejudice from any alleged ineffective assistance.

Basham argues first that the Court failed to address Claim 15 as one that asserted ineffective assistance of counsel.  Memo in Support at 11-12.  This initial assertion is incorrect.

In addressing Claim 15, this Court noted at the outset that "Basham argues that his trial attorneys rendered ineffective assistance of counsel when they failed to properly object to the admission of unfairly prejudicial prior act evidence during the guilt phase of his trial."  Order at 122.  The Court also noted that Basham contended "that appellate counsel were ineffective in failing to raise this issue on appeal."  Id.   Clearly, this Court analyzed Claim 15 as one that asserted ineffective assistance of counsel.

12

**JA 7476**

It is clear that this Court reviewed Claim 15 and determined there was no prejudice resulting from any alleged ineffective assistance of counsel because the Court determined that it did not err in allowing the admission of the evidence relating to Samantha Burns's disappearance.  See Order at 123-24 (noting Fourth Circuit found admission of evidence regarding Burns's kidnapping, murder and death was not error); p. 124 (noting that admission of evidence appropriate to show intent); pp. 125-28 (finding admission of evidence was "relevant to Basham's case" and not "designed to improperly appeal to sympathy of the jurors").  Such an approach--addressing the  prejudice prong of Strickland v. Washington first in analyzing an ineffective assistance claim--is completely acceptable and, in fact, sanctioned by the Supreme Court:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Strickland v. Washington, 466 U.S. 668, 697 (1984) (court need not determine if counsel's performance was deficient before examining alleged prejudice).  Unless the defendant meets the burden of proving prejudice, the court need not consider the performance prong under Strickland. Fields v. Attorney General, 956 F.2d 1290, 1297 (4th Cir. 1992).  This Court's determination that the evidence was admissible necessarily demonstrated that counsel's performance was not deficient

13

and that there was no resulting prejudice.  <u>Hough v. Anderson</u>, 272 F.3d 878, 898 (7th Cir. 2001) ("An ineffective assistance claim based on a failure to object is tied to the admissibility of the underlying evidence. If evidence admitted without objection was admissible, then the complained of action fails both prongs of the <u>Strickland</u> test," as counsel's performance is not deficient and there is no prejudice).

    B.  <u>Counsel had a strategic reason for their decision to allow the admission of the Burns's evidence in the guilt phase.</u>

Additionally, Basham's case does not present an instance where counsel was in any way ineffective.  There was a strategic reason to allow the admission of the evidence.  Counsel's testimony from the evidentiary hearing makes this abundantly clear.  This Court should make clear that counsel were not ineffective.

Basham argues in his motion to alter or amend that counsel were ineffective in failing to limit the extent and scope of the testimony regarding the abduction/disappearance of Samantha Burns in the guilt phase of the trial.  Memo in Support at 13.  Basham does not mention the fact that the Fourth Circuit determined that the evidence of Burns's abduction was admissible to prove intent. <u>See</u> <u>United States v. Basham</u>, 561 F.3d 302, 329-30 (4th Cir. 2009).  This Court noted the Fourth Circuit's opinion in ruling on Claim 15.  <u>See</u> Order at 123-24. Not only was the evidence regarding Burns's disappearance admissible but a strategic reason supports the decision to allow the admission of this evidence in the

14

**JA 7478**

guilt phase of the trial.

Trial counsel's apparent strategy for allowing all the evidence related to Burns's disappearance, abduction and killing in the guilt phase was straight forward--to "front" or "front load" the Burns evidence in the guilt phase.  Both trial counsel testified that there was no doubt that Basham would be convicted at the guilt phase of the trial.  See e.g., Evidentiary Hearing Tr. at 366 (Harris:  "Oh, he was going to be convicted.  There was no doubt in my mind about that."), p. 610 (Swerling:  "And I don't think there was ever any question or could be any question that Mr. Basham was going to be found guilty of those offenses.").  Because of the certainty that Basham was going to be convicted in the guilt phase, counsel knew they needed to prepare for the penalty phase.  Id. at 468 (Swerling:  "we were going to go into a second phase of the trial, the penalty phase.").  No one disputes that all the evidence Basham claims should have been kept out of the *guilt* phase of the trial would have been admissible in the *sentencing* phase.  Knowing this, Swerling testified that he "probably was thinking that at that point [guilt phase] about letting that kind of evidence in and not objecting to it would have been get it all in to desensitize the jury . . . try and get it up front so that we could come in later during the sentencing phase and try to argue that they should spare his life." Evidentiary Hearing Tr. at 610.  Swerling later expounded on this "front loading" strategy:  "[W]e . . . let a lot of evidence come in in the guilt or innocence

15

phase trying to let the jury know what they were going to be - - what was going to

be coming [in] anyway.  So sort of trying to desensitize them to what we knew was

going to be coming in the penalty phase of the trial, front loaded in the guilt or

innocence phase.  For example, the Samantha Burns kinds of stuff.  It was coming

in." Evidentiary Hearing Tr, at 680.  Furthermore, Swerling was certain that such

a  strategy to allow this evidence in without limitation in the guilt phase did not

harm Basham. Evidentiary Hearing Tr, at  689  ("I did not think that any of the

evidence that came in on the, still don't think, that any of the evidence that came in

about Samantha Burns affected the verdict" in guilt phase.).[5]

This strategic explanation for allowing the admission  of evidence related to

Burns's disappearance, abduction and killing in the guilt phase (and the fact that it

did not impact the verdict in the guilt phase) reveals that trial counsel were not

constitutionally ineffective and Basham suffered no prejudice.  Under the first

prong of Strickland, a reviewing court applies a strong presumption that a trial

counsel's conduct falls "within the wide range of reasonable professional

assistance."  Strickland, 466 U.S. at 689; Harrington v. Richter, 131 S.Ct. 770, 790

(2011) (holding that courts must not "insist counsel confirm every aspect of the

strategic basis for his or her actions" because there is "a 'strong presumption' that

---

[5]The fact that Basham was going to be convicted at the guilt phase no matter what
further supports the conclusion that he cannot demonstrate the necessary prejudice
to succeed in an ineffective assistance claim.

16

counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect'") (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (per curiam)).  A court should not "second-guess" defense counsel's performance. Strickland, 466 U.S. at 689; Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). Instead, the Court must determine what is "constitutionally compelled," not just what might appear "prudent or appropriate" in the "the artificial light of hindsight." United States v. Giannone, 2011 WL 1576198, at *2 (D.S.C. Apr. 26, 2011) (citations omitted).

In this case, counsel provided an obvious strategic reason for not objecting to the evidence in the guilt phase.  This Court did not commit clear error in rejecting Claim 15 because "indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Roach v. Martin, 757 F.2d at 1476, at a minimum "under the circumstances, the challenged action, might be considered sound trial strategy." Strickland, 466 U.S. at 689.[6]  The decision to front load the Burns evidence in the guilt phase certainly falls within the wide range of reasonable professional assistance.

---

[6] The Fourth Circuit goes so far as to presume that challenged acts are likely the result of a sound trial strategy.  See e.g., Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

17

C. <u>The Court was correct in concluding that the admission of the evidence related to Burns's disappearance, abduction and killing was not error.</u>

1. <u>Basham raises this argument for first time in his motion</u>**.**

As an initial matter, Basham's claim in his motion to alter or amend, Memo in Support at 13-15, that the admission of the Burns evidence was error because the voluntariness of Burns's disappearance was never at issue (and, therefore, it was unnecessary for the government to establish that her disappearance was involuntary) was never raised in his §2255 motion.  Rule 59(e) is not to be used to relitigate old matters or raise arguments that could have been raised prior to the entry of judgment.  <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 485 n.5 (2008). This argument could have been raised below and, therefore, should not be allowed to be raised in this Rule 59(e) motion.

2. <u>The Evidence was admissible.</u>

Furthermore, such a claim is without merit.  In Basham's trial, there was never a formal stipulation or concession that Basham kidnapped and killed Burns or that Burns was dead.  At most, the defense never contested Burns's kidnapping and murder.  Memo in Support at 15 ("never contested by the defense"). Therefore, any claim that the government did not have to prove that Burns's disappearance was involuntary is not correct.

Additionally, even if Basham had stipulated that he killed Burns or that she was dead, such a stipulation would not have precluded the admission of the

**JA 7482**

evidence at issue.  The Supreme Court and the Fourth Circuit have both held that

such a stipulation does not render evidence tending to prove the underlying

stipulation irrelevant.  See Old Chief, 519 U.S. 172, 178–79 (1997); United States

v. Dunford, 148 F.3d 385, 394–95 (4th Cir.1998).  "[T]he prosecution[,] with its

burden of persuasion[,] needs evidentiary depth to tell a continuous story."  Old

Chief, 519 U.S. at 190.  "[T]he prosecution is entitled to prove its case by evidence

of its own choice," and "a criminal defendant may not stipulate or admit his way

out of the full evidentiary force of the case as the Government chooses to present

it."  Id. at 186-87.

Furthermore, the challenged testimony would not have been precluded

pursuant to Rule 403.  "Rule 403 only requires suppression of evidence that results

in unfair prejudice—prejudice that damages an opponent for reasons other than its

probative value."  United States v. Mohr, 318 F.3d 613, 619–20 (4th Cir.2003).  As

this Court noted in it Order, this evidence was admissible for several reasons,

including to show the use of a similar *modus operandi* and to show intent.  Order at

124.  It also was admissible to provide enough details regarding Burns's

disappearance to disabuse the jury of any notion that Burns disappeared for reasons

of her own.  Id. at 125.  The testimony concerning Burns made up a very small

portion of the government's overall guilt phase and there is no reason to think that

the jury gave it undue weight.

19

IV.    Conclusion

For the reasons stated herein, Basham is not entitled to pursue relief pursuant to Rule 59(e).  As Basham has failed to meet the requirements of Rule 59(e), the Court should deny his motion.   His arguments and evidence are the same as those argued in his § 2255 petition and at his evidentiary hearing or new ones that could have been raised.   As Basham has failed to show that the Court Order denying his § 2255 petition rested on a clear error of law, or that it resulted in a manifest injustice, the Court should deny Basham's Motion pursuant to Rule 59(e).

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY


By:  s/Robert F. Daley, Jr.
Robert F. Daley, Jr. (#6460)
Jimmie Ewing (#7292)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

July 31, 2013

20

**JA 7484**

**General Docket**
**United States Court of Appeals for the Fourth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 05-5 | **Docketed:** 02/23/2005 |
| US v. Brandon Basham | **Termed:** 03/30/2009 |
| **Appeal From:** United States District Court for the District of South Carolina at Florence | |
| **Fee Status:** cja | |

**Case Type Information:**
 **1)** Criminal Death Penalty
 **2)** Criminal-Conviction & Sentence
 **3)** null

**Originating Court Information:**
 **District:** 0420-4 : CR-02-992
 **Court Reporter:** Debra Bull, Official Court Reporter
 **Court Reporter:** Peppa Caskey, Court Reporter Coordinator
 **Court Reporter:** John M. Clarke, Contract Court Reporter
 **Court Reporter:** Dan Mayo, Official Court Reporter
 **Court Reporter:** Raymond Simmons, Official Court Reporter
 **Court Reporter:** Gary N. Smith, Official Court Reporter (Inactive)
 **Presiding Judge:** Joseph F. Anderson, Jr., U. S. District Court Judge
 **Date Filed:** 12/17/2002

| **Date Order/Judgment EOD:** | **Date NOA Filed:** |
|---|---|
| 02/17/2005 | 02/17/2005 |

**Prior Cases:**
 None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 04-33 | 05-5 | 02/23/2005 | |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Thomas Ernest Booth<br>Direct: 202-514-5201<br>Email: thomas.booth@usdoj.gov<br>[COR NTC Government]<br>U. S. DEPARTMENT OF JUSTICE<br>Criminal Division, Appellate Section<br>Room 1511<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0000<br><br>Robert Frank Daley, Jr., Assistant U. S. Attorney<br>Direct: 803-929-3054<br>Email: Bob.Daley@usdoj.gov<br>[On Brief]<br>OFFICE OF THE UNITED STATES ATTORNEY<br>Suite 500<br>1441 Main Street<br>Columbia, SC 29201-2692<br><br>Jimmie Ewing, Assistant U. S. Attorney<br>Direct: 803-929-3114<br>Email: jimmie.ewing@usdoj.gov<br>[COR NTC Government]<br>OFFICE OF THE UNITED STATES ATTORNEY<br>Suite 500<br>1441 Main Street<br>Columbia, SC 29201-2692<br><br>Jonathan Scott Gasser<br>Direct: 803-779-7080<br>Email: johnny@harrisgasserlaw.com<br>[COR NTC Government]<br>HARRIS & GASSER, LLC<br>1529 Laurel Street<br>Columbia, SC 29201-0000 |

**JA 7485**

Reginald I. Lloyd, Assistant U. S. Attorney
Direct: 803-413-4840
Email: lloydlaw3@gmail.com
[On Brief]
LLOYD LAW FIRM
39 Ole Still Lane
Elgin, SC 29045

Scott N. Schools
Direct: 202-305-7848
Email: scott.schools@usdoj.gov
[COR NTC Government]
U. S. DEPARTMENT OF JUSTICE
Room 4119
950 Pennsylvania Avenue, NW
Washington, DC 20530

James Strom Thurmond, Jr.
[On Brief]
SMITH, MASSEY, BRODIE & THURMOND, PA
405 Park Avenue, SW
Aiken, SC 29801-0000

William Walter Wilkins, III, U. S. Attorney
Direct: 803-929-3000
Email: walt.wilkins@usdoj.gov
[On Brief]
OFFICE OF THE UNITED STATES ATTORNEY
Suite 500
1441 Main Street
Columbia, SC 29201-2692

v.

BRANDON LEON BASHAM
      Defendant - Appellant

Stephen L. Ascher
Direct: 202-639-6034
[On Brief]
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20001

Kali N. Bracey
[On Brief]
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20001

David W. DeBruin
Direct: 202-639-6015
Email: ddebruin@jenner.com
[COR NTC CJA Appointment]
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20001

Eric R. Haren
[On Brief]
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20001

Melissa Anne Meister, Assistant U. S. Attorney
Direct: 520-620-7348
Email: melissa.meister@usdoj.gov
[COR CJA Appointment]
UNITED STATES ATTORNEY'S OFFICE
District of Arizona
Suite 4800

**JA 7486**

405 W. Congress Street
Tucson, AZ 85701

Thomas G. Pulham
[On Brief]
JENNER & BLOCK, LLP
Suite 900
1099 New York Avenue, NW
Washington, DC 20001

**JA 7487**

UNITED STATES OF AMERICA

      Plaintiff - Appellee

  v.

BRANDON LEON BASHAM

      Defendant - Appellant

**JA 7488**

Yellow Highlight- Missing Document
#?- missing docket entry
X-- no document produced or needed for our purposes

| | | |
|---|---|---|
| 02/23/2005 | X 1 | Criminal case docketed. (BW) |
| 02/24/2005 | 2 <br> 2 pg, 28.4 KB | ORDER FILED [4141366] appointing Jack Bruce Swerling in 05-5 as lead CJA counsel for Appellant Brandon Leon Basham in 05-5 [2] Nunc Pro Tunc Date: 2/16/05, appointing Gregory Poole Harris in 05-5 as CJA co-counsel for Appellant Brandon Leon Basham in 05-5 [2] Nunc Pro Tunc Date: 2/16/05. Copies to all parties. ~ [4141366] [05-5] (BW) |
| 02/24/2005 | 3 <br> 3 pg, 27.3 KB | ORDER FILED [4141375] consolidating case 05-5 with 04-33(L) [3]. Copies to all parties. ~ [4141375] [04-33, 05-5] (BW) |
| 02/24/2005 | 4 <br> 3 pg, 67.54 KB | Docketing notice issued. [05-5] ~ [4141377] (BW) |
| 03/07/2005 | 5 | Motion filed by Appellant Chadrick Evan Fulks in 04-33 to deconsolidate case 05-5 from lead case 04-33 (L) [5]. ~ [4146861] [04-33] (BW) |
| 03/07/2005 | 6 | Counsel of record form filed by Gregory Poole Harris in 05-5 for Appellant Brandon Leon Basham in 05-5. (BW) |
| 03/08/2005 | 7 <br> 3 pg, 26.8 KB | ORDER FILED [4147119] granting motion to deconsolidate cases [5] (05-5) in 04-33. Copies to all parties. ~ [4147119] [04-33, 05-5] (BW) |
| 03/28/2005 | 9  8? | Attorney motion for authorization and additional funds for a law clerk filed by Gregory Poole Harris for Appellant Brandon Leon Basham to approve CJA funds for attorney Gregory P. Harris for law clerk [9]. [05-5] ~ [4158766] (PL) |
| 03/29/2005 | 10 | ORDER FILED [4159605] granting attorney Gregory P. Harris' motion to approve CJA funds for law clerk [9] Copies to all parties. ~ [4159605] [05-5] (PL) |
| 03/29/2005 | 12  11? | Criminal Justice Act 21 voucher for law clerk expense issued to Gregory Poole Harris. [05-5] (PL) |
| 04/04/2005 | 13 | Counsel of record form filed by Jack Bruce Swerling for Appellant Brandon Leon Basham. (TAF) |
| 04/07/2005 | 15  14? | Follow-up notice issued to Gregory Poole Harris for Appellant Brandon Leon Basham, Jack Bruce Swerling for Appellant Brandon Leon Basham for docketing statement default. [05-5] (BW) |
| 04/07/2005 | 16 <br> 2 pg, 60.03 KB | Follow-up notice issued to Gregory Poole Harris for Appellant Brandon Leon Basham, Jack Bruce Swerling for Appellant Brandon Leon Basham. [05-5] (BW) |
| 04/08/2005 | 17 | Docketing statement filed by Appellant Brandon Leon Basham [17] T/S needed [Y/N]: Y T/S already on file?: N. [05-5] ~ [4166331] (BW) |
| 04/08/2005 | X 18 | Transcript order filed for Debra Jernigan. What is being ordered: Testimony on September 14, 15, 17, 20-24, 27, 28, 2004; October 12-15, 18-22, 25-28, 2004; Nov. 2, 23, 2004; December 13 & 28, 2004. [05-5] (BW) |
| 04/08/2005 | X 19 | Transcript order filed for Dan Mayo. What is being ordered: Post trial motions on 12/21/04, 01/14/05, 01/24/05 . [05-5] (BW) |
| 04/08/2005 | X 20 | Transcript order filed for John M. Clarke. What is being ordered: Motions hearings on 1/15/03, 1/20/04 and 04/13/04 . [05-5] (BW) |
| 04/08/2005 | X 21 | Transcript order filed for Raymond Simmons. What is being ordered: Motion hearing on 1/6/04 . [05-5] (BW) |
| 04/08/2005 | X 22 | Transcript order filed for Gary N. Smith. What is being ordered: Motion hearing on 5/27/04 Voir Dire 8/30/04-9/3/04, Sentencing 2/14/05, Motions hearing 11/5/03, 2/24/04, 2/25/04, 2/26/04, 4/8/04, 8/25/04, Post trial motions hearings 11/10/04, 11/12/04, 11/18/04. [05-5] (BW) |
| 04/08/2005 | 23 <br> 2 pg, 30.69 KB | Transcript order acknowledgment filed. [05-5] ~ [4166357] Transcript due on 5/10/05 for Debra Jernigan. T/S certification due on 5/10/05 for Debra Jernigan. (BW) |
| 04/08/2005 | 24 <br> 2 pg, 30.67 KB | Transcript order acknowledgment filed. [05-5] ~ [4166365] Transcript due on 5/10/05 for Dan Mayo. T/S certification due on 5/10/05 for Dan Mayo. (BW) |
| 04/08/2005 | 25 <br> 2 pg, 30.69 KB | Transcript order acknowledgment filed. [05-5] ~ [4166367] Transcript due on 5/10/05 for John M. Clarke. T/S certification due on 5/10/05 for John M. Clarke. (BW) |
| 04/08/2005 | 26 <br> 2 pg, 30.68 KB | Transcript order acknowledgment filed. [05-5] ~ [4166368] Transcript due on 5/10/05 for Raymond Simmons. T/S certification due on 5/10/05 for Raymond Simmons. (BW) |
| 04/08/2005 | 27 <br> 2 pg, 30.68 KB | Transcript order acknowledgment filed. [05-5] ~ [4166373] Transcript due on 5/10/05 for Gary N. Smith. T/S certification due on 5/10/05 for Gary N. Smith. (BW) |
| 04/15/2005 | 28 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 6/9/05 and to waive fee reduction sanctions [28]. [05-5] (BHR) |

**JA 7489**

| 04/15/2005 | 29<br>2 pg, 26.75 KB | ORDER FILED [4170354] granting court reporter motion ext time file t/s & waive sanc [28] Transcript deadline updated to 6/9/05 for Debra Jernigan. T/S certification now due 6/9/05 for Debra Jernigan. Copies to all parties. ~ [4170354] [05-5] (BHR) |
|---|---|---|
| 05/04/2005 | X 30 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 6/9/05 and to waive fee reduction sanctions [30]. [05-5] (BHR) |
| 05/05/2005 | 31<br>2 pg, 26.82 KB | ORDER FILED [4180844] granting court reporter motion ext time file t/s & waive sanc [30] Transcript deadline updated to 6/9/05 for Debra Jernigan. T/S certification now due 6/9/05 for Debra Jernigan. Copies to all parties. ~ [4180844] [05-5] (BHR) |
| 05/10/2005 | X 32 | Certification transcript filed in district court by Dan Mayo on 5/5/05. [05-5] (BW) |
| 05/24/2005 | X 33 | Certification transcript filed in district court by Raymond Simmons. [05-5] (BW) |
| 06/07/2005 | X 38 | Certification transcript filed in district by John M. Clarke with sanctions of 40 percent on 6/2/05. [05-5] (BW) |
| 06/09/2005 | 40 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 8/8/05 and to waive fee reduction sanctions [40]. [05-5] (BHR) |
| 06/09/2005 | 41<br>2 pg, 26.72 KB | ORDER FILED [4200046] granting court reporter motion ext time file t/s & waive sanc [40] Transcript deadline updated to 8/8/05 for Debra Jernigan. T/S certification now due 8/8/05 for Debra Jernigan. Copies to all parties. ~ [4200046] [05-5] (BHR) |
| 06/09/2005 | 42 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 6/30/05 and to waive fee reduction sanctions [42]. [05-5] (BHR) |
| 06/09/2005 | 43<br>2 pg, 27.64 KB | ORDER FILED [4200057] granting court reporter motion ext time file t/s & waive sanc [42] Transcript deadline updated to 6/30/05 for Gary N. Smith. T/S certification now due 6/30/05 for Gary N. Smith. Copies to all parties. ~ [4200057] [05-5] (BHR) |
| 06/30/2005 | 45 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 7/21/05 and to waive fee reduction sanctions [45]. [05-5] (BHR) |
| 06/30/2005 | 46<br>2 pg, 27.37 KB | ORDER FILED [4211475] granting court reporter motion ext time file t/s & waive sanc [45] Transcript deadline updated to 7/21/05 for Gary N. Smith. T/S certification now due 7/21/05 for Gary N. Smith. Copies to all parties. ~ [4211475] [05-5] (BHR) |
| 07/21/2005 | 51 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 8/1/05 and to waive fee reduction sanctions [51]. [05-5] (BHR) |
| 07/21/2005 | 52<br>2 pg, 27.19 KB | ORDER FILED [4223419] granting court reporter motion ext time file t/s & waive sanc [51] Transcript deadline updated to 8/1/05 for Gary N. Smith. T/S certification now due 8/1/05 for Gary N. Smith. Copies to all parties. ~ [4223419] [05-5] (BHR) |
| 08/01/2005 | 53 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 8/10/05 and to waive fee reduction sanctions [53]. [05-5] (DSD) |
| 08/01/2005 | 54<br>2 pg, 26.9 KB | ORDER FILED [4229213] granting court reporter motion ext time file t/s & waive sanc [53] Transcript deadline updated to 8/10/05 for Gary N. Smith. T/S certification now due 8/10/05 for Gary N. Smith. Copies to all parties. ~ [4229213] [05-5] (DSD) |
| 08/09/2005 | 55 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 10/9/05 and to waive fee reduction sanctions [55]. [05-5] (BHR) |
| 08/09/2005 | 56<br>2 pg, 26.22 KB | ORDER FILED [4233468] granting court reporter motion ext time file t/s & waive sanc [55] Transcript deadline updated to 10/11/05 for Debra Jernigan. T/S certification now due 10/11/05 for Debra Jernigan. Copies to all parties. ~ [4233468] [05-5] (BHR) |
| 08/10/2005 | 57 | Motion filed by Court Reporter Gary N. Smith to extend time for filing of transcript until 8/15/05 and to waive fee reduction sanctions [57]. [05-5] (DSD) |
| 08/10/2005 | 58<br>2 pg, 26.9 KB | ORDER FILED [4234803] granting court reporter motion ext time file t/s & waive sanc [57] Transcript deadline updated to 8/15/05 for Gary N. Smith. T/S certification now due 8/15/05 for Gary N. Smith. Copies to all parties. ~ [4234803] [05-5] (DSD) |
| 08/19/2005 | 59 | Certification transcript filed in district court by Gary N. Smith on 8/14/05. [05-5] (JHM) |
| 09/08/2005 | 60 | Motion filed by Jack Bruce Swerling for Appellant Brandon Leon Basham to withdraw and substitute attorney Timothy Sullivan as lead counsel for appellant. [60] [05-5] ~ [4250203] (BW) |
| 09/13/2005 | 63<br>2 pg, 28.39 KB | COURT ORDER filed [4251958] granting attorney motion to substitute counsel. [60] Terminated Jack Swerling and appointed Timothy Sullivan. Is new aty FPD? (Y/N): N. Has A's Brief Been Filed (Y/N)?: N. appointing Timothy Joseph Sullivan as lead CJA counsel for Appellant Brandon Leon Basham [63] Copies to all parties. ~ [4251958] (BW) |
| 09/20/2005 | 65 | Counsel of record form filed by Timothy Joseph Sullivan for Appellant Brandon Leon Basham. (BW) |

**JA 7490**

| | | |
|---|---|---|
| 10/11/2005 | 68 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 12/11/05 and to waive fee reduction sanctions [68]. [05-5] (BHR) |
| 10/11/2005 | 69<br>2 pg, 26.64 KB | ORDER FILED [4268325] granting court reporter motion ext time file t/s & waive sanc [68] Transcript deadline updated to 12/12/05 for Debra Jernigan. T/S certification now due 12/12/05 for Debra Jernigan. Copies to all parties. ~ [4268325] [05-5] (BHR) |
| 12/09/2005 | 70 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 2/9/06 and to waive fee reduction sanctions [70]. [05-5] (BHR) |
| 12/12/2005 | 71<br>2 pg, 27.21 KB | ORDER FILED [4301559] granting court reporter motion ext time file t/s & waive sanc [70] Transcript deadline updated to 2/9/06 for Debra Jernigan. T/S certification now due 2/9/06 for Debra Jernigan. Copies to all parties. ~ NO FURTHER EXTENSIONS WILL BE GRANTED. [4301559] [05-5] (BHR) |
| 02/24/2006 | 72<br>3 pg, 61.5 KB | Follow-up notice to Court Reporter Debra Jernigan . (BW) |
| 02/28/2006 | 73 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 4/9/06 and to waive fee reduction sanctions [73]. [05-5] (BHR) |
| 02/28/2006 | 74<br>2 pg, 27.79 KB | ORDER FILED [4347910] granting court reporter motion ext time file t/s & waive sanc [73] Transcript deadline updated to 4/10/06 for Debra Jernigan. T/S certification now due 4/10/06 for Debra Jernigan. Copies to all parties. ~ [4347910] [05-5] (BHR) |
| 04/11/2006 | 76 | Certification transcript filed in district court by Debra Jernigan on 9/13/04 & 11/1/04. [05-5] (BW) |
| 04/11/2006 | 77<br>3 pg, 31.61 KB | Briefing order filed. Copies to all parties. [05-5] ~ [4372289] Appellant(s) brief/joint appendix due 5/16/06 for Brandon Leon Basham. (BW) |
| 04/11/2006 | 78<br>2 pg, 58.19 KB | Record on appeal follow-up notice sent to the district court [05-5] Record on appeal now due 4/25/06. (BW) |
| 04/12/2006 | 79 | Certification of ROA complete and retained in the District Court. [05-5] ~ [4372520] (BW) |
| 04/24/2006 | 81 | Motion filed by Appellant Brandon Leon Basham [81] to rescind briefing order dated 4/11/06 due to outstanding transcript. ~ [4380515] [05-5] (A) |
| 04/25/2006 | 82<br>2 pg, 26.64 KB | ORDER FILED [4380553] granting motion to rescind br.o due to ts [81] requesting status report on the status of receipt of transcripts by 5/25/06 for Brandon Leon Basham. Copies to all parties. ~ [4380553] [05-5] (A) |
| 05/16/2006 | 83 | Attorney motion filed by Timothy Joseph Sullivan for Appellant Brandon Leon Basham to approve CJA funds for attorney Timothy J. Sullivan to visit client at government expense. [83]. [05-5] ~ [4393696] (PL) |
| 05/16/2006 | 84 | AMENDED motion filed by Appellant Brandon Leon Basham amending attorney motion to approve CJA funds [83] [84] [05-5] ~ [4393719] (PL) |
| 05/23/2006 | 87 | ORDER FILED [4397157] granting attorney motion to approve CJA funds for $606 in travel expenses and ten hours of attorney time [83][84] Copies to all parties. ~ [4397157] [05-5] (PL) |
| 05/23/2006 | 89 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 7/28/06 and to waive fee reduction sanctions [89]. [05-5] (CAD) |
| 05/25/2006 | 90<br>2 pg, 27.38 KB | ORDER FILED [4399355] granting court reporter motion ext time file t/s & waive sanc [89] Transcript deadline updated to 7/28/06 for Debra Jernigan. T/S certification now due 7/28/06 for Debra Jernigan. Copies to all parties. ~ [4399355] [05-5] (CAD) |
| 05/30/2006 | 91 | Status report filed by Appellant Brandon Leon Basham [91] [05-5] Status report now due 6/29/06 for Brandon Leon Basham (BW) |
| 06/30/2006 | 92 | Status report filed by Appellant Brandon Leon Basham [92] [05-5] Status report now due 7/31/06 for Brandon Leon Basham (BW) |
| 07/28/2006 | 93 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 9/28/06 and to waive fee reduction sanctions [93]. [05-5] (CAD) |
| 07/31/2006 | 94<br>2 pg, 28.44 KB | ORDER FILED [4435899] granting court reporter motion ext time file t/s & waive sanc [93] Transcript deadline updated to 9/28/06 for Debra Jernigan. T/S certification now due 9/28/06 for Debra Jernigan. Copies to all parties. ~ [4435899] [05-5] (CAD) |
| 08/07/2006 | 95 | Status report filed by Appellant Brandon Leon Basham [95] [05-5] Status report now due 9/6/06 for Brandon Leon Basham (BW) |
| 08/28/2006 | 96 | Joint attorney motion filed by Timothy Joseph Sullivan and Gregory Poole Harris, counsel to Appellant Brandon Leon Basham, to approve interim CJA funds [96]. [05-5] (PL) |
| 08/28/2006 | 97<br>3 pg, 88.3 KB | ORDER FILED [4451031] granting joint attorney motion to approve interim CJA funds [96] Copies to all parties. ~ [4451031] [05-5] (PL) |
| 08/29/2006 | | |

**JA 7491**

| | | | |
|---|---|---|---|
| | ☐ 98 | Status report filed by Appellant Brandon Leon Basham [98] [05-5] Status report now due 9/28/06 for Brandon Leon Basham (TAF) | |
| 09/26/2006 | ☐ 99 | Status report filed by Appellant Brandon Leon Basham [99] [05-5] Status report now due 10/26/06 for Brandon Leon Basham (BW) | |
| 09/28/2006 | ☐ 100 | Motion filed by Court Reporter Debra Jernigan to extend time for filing of transcript until 11/28/06 and to waive fee reduction sanctions [100]. [05-5] (CAD) | |
| 10/03/2006 | ☐ 101<br>2 pg, 27.73 KB | ORDER FILED [4471213] granting court reporter motion ext time file t/s & waive sanc [100] Transcript deadline updated to 10/18/06 for Debra Jernigan. T/S certification now due 10/18/06 for Debra Jernigan. Copies to all parties. ~ [4471213] [05-5] (CAD) | |
| 10/17/2006 | ☐ 102<br>2 pg, 26.99 KB | ORDER FILED [4478546] to extend time for filing of transcript until 11/28/06 and to waive fee reduction sanctions [102]. Transcript deadline updated to 11/28/06 for Debra Jernigan. T/S certification now due 11/28/06 for Debra Jernigan. Copies to all parties. ~ [4478546] [05-5] (BW) | |
| 11/16/2006 | ☐ 105 | Certification transcript filed in district court by Debra Jernigan on 11/13/06. [05-5] (BW) | |
| 11/17/2006 | ☐ 110<br>2 pg, 58.5 KB | Record on appeal follow-up notice sent to the district court [05-5] Record on appeal now due 12/1/06. (BW) | |
| 11/21/2006 | ☐ 112 | Certification of ROA complete and retained in the District Court. [05-5] ~ [4496603] (BW) | |
| 11/27/2006 | ☐ 113 | Status report filed by Appellant Brandon Leon Basham [113] [05-5] (BW) | |
| 01/04/2007 | ☐ 115<br>3 pg, 31.71 KB | Briefing order filed. Copies to all parties. [05-5] ~ [4515729] Appellant(s) brief/joint appendix due 2/8/07 for Brandon Leon Basham. (BW) | |
| 02/02/2007 | ☐ 116 | Motion filed by Appellant Brandon Leon Basham to extend time to file appellant(s) brief/appendix until 5/9/07 [116]. ~ [4531432] [05-5] (SAW) | |
| 02/08/2007 | ☐ 118<br>2 pg, 26.67 KB | COURT ORDER filed [4534310] granting motion to ext time to file a's br/apx [116] Appellant(s) brief/joint appendix now due 5/8/07 for Brandon Leon Basham. Copies to all parties. ~ [4534310] [05-5] (BW) | |
| 05/01/2007 | ☐ 119 | Motion (unopposed) filed by Appellant Brandon Leon Basham to extend time to file appellant(s) brief/appendix until 8/8/07 [119]. ~ [4576170] [05-5] (BW) | |
| 05/03/2007 | ☐ 121<br>2 pg, 26.84 KB | COURT ORDER filed [4577313] granting motion to ext time to file a's br/apx [119] Appellant(s) brief/joint appendix now due 8/8/07 for Brandon Leon Basham. Copies to all parties. ~ [4577313] [05-5] (BW) | |
| 07/20/2007 | ☐ 122 | Motion filed by Appellant Brandon Leon Basham [122] to suspend briefing order dated 1/4/07 ~ [4618286] [05-5] (JHM) | |
| 07/20/2007 | ☐ 123<br>2 pg, 61.89 KB | Response/answer requested to motion to suspend briefing order [122] Response/answer due 8/6/07 for US. ~ [4618287] [05-5] (JHM) | |
| 08/07/2007 | ☐ 124 | Motion filed by Appellee US [124] to file response/answer out of time to motion to suspend briefing order [122] ~ [4627170] [05-5] (BW) | |
| 08/07/2007 | ☐ 125<br>2 pg, 24.43 KB | ORDER FILED [4627171] granting motion to file response out of time [124] Copies to all parties. ~ [4627171] [05-5] (BW) | |
| 08/07/2007 | ☐ 126 | Response/answer filed [126] by Appellee US opposing motion to suspend briefing order [122] [05-5] ~ [4627172] (BW) | |
| 08/08/2007 | ☐ 129 | Reply filed by Appellant Brandon Leon Basham to response/answer [126] . [129] [05-5] ~ [4628163] (BW) | |
| 08/13/2007 | ☐ 131 | Motion filed by Gregory Poole Harris for Appellant Brandon Leon Basham to withdraw as appellant's counsel. [131] [05-5] ~ [4629834] (BW) | |
| 08/14/2007 | ☐ 133<br>2 pg, 26.49 KB | COURT ORDER filed [4630967] granting attorney motion to withdraw. [131] Terminated attorney Gregory Poole Harris for Brandon Leon Basham. Has A's Brief Been Filed (Y/N)?: N, granting motion to suspend briefing order [122] until: resolution of the status of appellant's counsel. Copies to all parties. ~ [4630967] [05-5] (BW) | |
| 11/01/2007 | ☐ 136 | Motion filed by Timothy Joseph Sullivan for Appellant Brandon Leon Basham to appoint Melissa Anne Meister as CJA co-counsel for Appellant Brandon Leon Basham [136] [05-5] ~ [4673307] (BW) | |
| 11/16/2007 | ☐ 138<br>1 pg, 6.47 KB | COURT ORDER filed [997759476] granting attorney motion to appoint/assign counsel [136] Melissa Anne Meister appointed as co-counsel in 05-5 for Basham, Brandon Leon in 05-5. Copies to all parties. [05-5] (BW) | |
| 11/26/2007 | ☐ 140<br>3 pg, 80 KB | BRIEFING ORDER filed. Opening brief and appendix due 12/31/2007. Response brief due 01/24/2008. [05-5] (BW) | |
| 12/03/2007 | ☐ 141<br>4 pg, 102.47 KB | MOTION filed by Appellant Brandon Leon Basham to extend filing time for opening brief and appendix until 02/29/2008 Was opposing counsel informed of motion pursuant to Loc. R. 27(a)? Y. Did opposing counsel consent to granting of motion? N. Date of service: 12/03/2007 [997767798] [05-5] (BW) | |

**JA 7492**

| | | |
|---|---|---|
| 12/04/2007 | 142<br>1 pg, 75.64 KB | NOTICE ISSUED to US requesting response to motion to extend filing time [141]Response due: 12/13/2007.[997767816] [05-5] (BW) |
| 12/10/2007 | 143<br>2 pg, 34.1 KB | RESPONSE/ANSWER filed by US to notice requesting response [142], Motion to extend filing time [141]. Nature of response: in support of. [05-5] (LDJ) |
| 12/17/2007 | 144<br>1 pg, 70.1 KB | COURT ORDER filed [997775739] granting motion to extend filing time [141] ; updating briefing order deadlines. Opening brief and appendix due 02/29/2008. Response brief due 03/24/2008. Copies to all parties. [05-5] (BW) |
| 01/14/2008 | 145<br>2 pg, 793.96 KB | Notice issued re: appearance of counsel form for Melissa Meister. [05-5] (BW) |
| 02/07/2008 | 146<br>3 pg, 89.36 KB | MOTION (unopposed) filed by Appellant Brandon Leon Basham to extend filing time for opening brief and appendix until 04/29/2008. Date of service: 02/07/2008 [997802578] [05-5] (BW) |
| 02/08/2008 | 147<br>1 pg, 82.58 KB | NOTICE ISSUED RE: email address confirmation. [05-5] (BW) |
| 02/08/2008 | 148<br>1 pg, 18.01 KB | APPEARANCE OF COUNSEL filed (Local Rule 46(c)) by Melissa Meister for Brandon Leon Basham. [997802966] [05-5] (BW) |
| 02/08/2008 | 149 | E-mail confirmation notice filed. [05-5] (BW) |
| 02/12/2008 | 150<br>1 pg, 51.96 KB | COURT ORDER filed [997805070] granting Motion to extend filing time [146] Copies to all parties.; updating/ resuming briefing order deadlines. Opening brief and appendix due 04/29/2008. Response brief due 05/27/2008. Copies to all parties. [05-5] (BW) |
| 04/18/2008 | 152<br>4 pg, 116.42 KB | MOTION (unopposed) filed by Appellant Brandon Leon Basham to extend filing time for opening brief and appendix until 05/13/2008. Date of service: 04/18/2008 [997843194] [05-5] (BW) |
| 04/18/2008 | 153<br>3 pg, 80.46 KB | MOTION (unopposed) filed by Appellant Brandon Leon Basham to proceed with a deferred appendix (FRAP 30(c)). Date of service: 04/18/2008 [997843198] [05-5] (BW) |
| 04/18/2008 | 154<br>3 pg, 89.02 KB | MOTION (unopposed) filed by Appellant Brandon Leon Basham to exceed length limitations for brief. Date of service: 04/18/2008 [997843203] [05-5] (BW) |
| 04/21/2008 | 151<br>1 pg, 59.87 KB | Notice issued to Thomas Booth re: filing of appearance form. [05-5] (BW) |
| 04/23/2008 | 155<br>2 pg, 38.21 KB | COURT ORDER filed [997845657] granting motion to exceed length limitations [154] Total Words or Total Pages:150 pages or 50,000 words; granting motion to proceed with a deferred appendix (FRAP 30(c)) [153]; granting motion to extend filing time for opening brief until 5/13/08 [152]. ; rescinding briefing order filed 11/26/07. Copies to all parties. [05-5] (BW) |
| 04/23/2008 | 156<br>3 pg, 75.85 KB | BRIEFING ORDER filed -- FRAP 30(c) Schedule. Page-Proof Opening Brief due: 05/13/2008. Page-Proof Response Brief due: 06/06/2008. Appendix under FRAP 30(c) due: 06/30/2008. All Briefs in Final Form due 13 days after FRAP 30(c) Appendix served. [05-5] (BW) |
| 04/24/2008 | 157<br>1 pg, 48 KB | APPEARANCE OF COUNSEL filed (Local Rule 46(c)) for US.[997846506] [05-5] (BW) |
| 05/13/2008 | 158<br>0 pg, 0 KB | INCORRECT ENTRY STRUCK. STATUS REPORT filed by Appellant Brandon Leon Basham. [997857053] [05-5] (BW) |
| 05/13/2008 | 159 | FRAP 30(c) PAGE-PROOF OPENING BRIEF filed by Appellant Brandon Leon Basham. [4 copies. 193 pages.] [05-5] (BW) |
| 05/13/2008 | 160<br>6 pg, 238.35 KB | Appendix designations for deferred joint appendix served by Appellant Brandon Leon Basham. [05-5] (BW) |
| 05/22/2008 | 161 | Finance entry-CJA 31 VOUCHER (printer/other serivces-capital case) received from Lantagne Legal Printing, Inc. for page-proof brief. [05-5] (PL) |
| 05/29/2008 | 162<br>3 pg, 64.26 KB | MOTION (unopposed) filed by Appellee US to extend filing time for response brief until August 5, 2008. Date of service: 05/28/2008 [997866528] [05-5] (BW) |
| 05/30/2008 | 163<br>1 pg, 36.05 KB | ORDER filed [997866755] granting unopposed motion to extend filing time [162]; updating/ resuming Rule 30(c) briefing order deadline. Page-Proof Response Brief due: 08/05/2008. Appendix under FRAP 30(c) due: 08/22/2008. Copies to all parties. [05-5] (BW) |
| 07/10/2008 | 165 | Finance entry-CJA 31 VOUCHER certified for payment to Lantagne Legal Printing, Inc., (printer/other services-capital case) for page-proof brief. Different than amount requested? N. If yes state why: [05-5] (DG) |
| 07/11/2008 | 164<br>2 pg, 86.26 KB | CASE TENTATIVELY CALENDARED for oral argument during the 10/28/08 -10/31/08 argument session. Notify Clerk's Office of any scheduling conflict by: 07/21/2008 [05-5] (JLC) |
| 07/22/2008 | | APPEARANCE OF COUNSEL filed (Local Rule 46(c)) for US.[997900095] [05-5] Jimmie Ewing |

**JA 7493**

|  |  |  |
|---|---|---|
|  | ☐ 166<br>1 pg, 65.23 KB |  |
| 07/25/2008 | ☐ 167 | [Edited 07/25/2008 by BW]. [Reason for edit: Incorrect Entry Struck]. Thomas Booth |
| 07/25/2008 | ☐ 168<br>3 pg, 23.69 KB | MOTION filed by Appellee US to exceed length limitations for brief. Date of service: 07/25/2008 [997902818] [05-5] Thomas Booth |
| 07/29/2008 | ☐ 169<br>1 pg, 35.54 KB | COURT ORDER filed [997904284] granting motion to exceed length limitations [167] Total Words or Total Pages: 34,000 Copies to all parties. [05-5] (BW) |
| 08/05/2008 | ☐ 170<br>146 pg, 311.26 KB | FRAP 30(c) PAGE-PROOF RESPONSE BRIEF filed by Appellee US. [05-5] Thomas Booth |
| 08/20/2008 | ☐ 171<br>2 pg, 74.69 KB | CASE CALENDARED for oral argument. Date: 10/31/2008. Time: 7:45 - 8:00 a.m. [05-5] (PSC) |
| 08/21/2008 | ☐ 172<br>1 pg, 56.82 KB | ORAL ARGUMENT ACKNOWLEDGMENT filed by Appellee US. Counsel arguing: Thomas E. Booth. Counsel present but not arguing in criminal case: Scott N. Schools. [997920230] [05-5] Thomas Booth |
| 08/22/2008 | ☐ 173<br>1 pg, 480.24 KB | Notice of paper filing of appendix. Date paper copies mailed, dispatched or delivered to court: 08/22/2008. Method of filing paper copies: hand delivery. [05-5] Melissa Meister |
| 08/22/2008 | ☐ 174<br>2 pg, 13.74 KB | MOTION filed by Appellant Brandon Leon Basham to extend filing time for reply brief until 09/22/2008. Date of service: 08/22/2008 [997921565] [05-5] Melissa Meister |
| 08/22/2008 | ☐ 175<br>2 pg, 16.02 KB | CERTIFICATE OF CONFIDENTIALITY filed (Local Rule 25(c)) by Brandon Leon Basham. Sealing Required: Yes. Description of document referenced by certificate: Joint Appendix Volume VIII. [05-5] Melissa Meister |
| 08/22/2008 | ☐ 176 | APPENDIX (PAPER) file-stamped, on behalf of Brandon Leon Basham. Total number of volumes (including any sealed): 8. Total number of pages in all volumes: 3655. Total number of sealed volumes: 1 (volume 8). Entered on Docket Date: 08/22/2008. [997921689] [05-5] (TAF) |
| 08/22/2008 | ☐ 177<br>1 pg, 34.13 KB | ORDER filed [997921696] sealing. volume 8 of apx. Copies to all parties. [05-5] (TAF) |
| 08/25/2008 | ☐ 178<br>1 pg, 63.72 KB | ORAL ARGUMENT ACKNOWLEDGMENT filed by Appellant Brandon Leon Basham. Counsel arguing: Melissa A. Meister. Counsel present but not arguing in criminal case: Kali N. Bracey, Stephen L. Ascher. [997922665] [05-5] Melissa Meister |
| 08/26/2008 | ☐ 179<br>1 pg, 53.45 KB | COURT ORDER filed [997922790] granting motion to extend filing time [174]; updating/resuming reply brief deadlines. Reply brief due 09/22/2008. Copies to all parties. [05-5] (BW) |
| 09/03/2008 | ☐ 180<br>146 pg, 310.39 KB | BRIEF filed by Appellee US in electronic and paper format. Type of Brief: Response. Method of Filing Paper Copies: mail. Date Paper Copies Mailed, Dispatched, or Delivered to Court: 09/03/2008. [997927331] [05-5] Thomas Booth |
| 09/03/2008 | ☐ 181<br>182 pg, 447.93 KB | BRIEF filed by Appellant Brandon Leon Basham in electronic and paper format. Type of Brief: Opening. Method of Filing Paper Copies: hand delivery. Date Paper Copies Mailed, Dispatched, or Delivered to Court: 09/03/2008. [997927565] [05-5] Melissa Meister |
| 09/03/2008 | ☐ 182<br>4 pg, 18.83 KB | MOTION filed by Appellant Brandon Leon Basham file supplemental appendix.. Date of service: 09/03/2008 [997927571] [05-5] Melissa Meister |
| 09/03/2008 | ☐ 183<br>1 pg, 479.94 KB | Notice of paper filing of supplemental appendix. Date paper copies mailed, dispatched or delivered to court: 09/03/2008. Method of filing paper copies: hand delivery. [05-5] Melissa Meister |
| 09/03/2008 | ☐ 184 | OPENING BRIEF (PAPER) file-stamped, on behalf of Brandon Leon Basham. Number of pages: [183]. Entered on Docket Date: 09/04/2008. [997927815] [05-5] (SAC) |
| 09/03/2008 | ☐ 186 | RESPONSE BRIEF (PAPER) file-stamped, on behalf of US. Number of pages: [146]. Entered on Docket Date: 09/04/2008. [997928449] [05-5] (TAF) |
| 09/03/2008 | ☐ 187 | SUPPLEMENTAL APPENDIX (PAPER) file-stamped on behalf of Brandon Leon Basham. Sealed volume: N. Total number of volumes (including any sealed): 1. Total number of pages in all volumes: 37. Entered on Docket Date: 09/05/2008. [997928585] [05-5] (SAC) |
| 09/04/2008 | ☐ 185<br>1 pg, 35.03 KB | ORDER filed [997928382] granting motion to file supplemental appendix. [182] Copies to all parties. [05-5] (SAC) |
| 09/17/2008 | ☐ 188<br>2 pg, 13.54 KB | MOTION filed by Appellant Brandon Leon Basham to exceed length limitations for reply. Date of service: 09/17/2008 [997937384] [05-5] Melissa Meister |
| 09/17/2008 | ☐ 189 | Finance entry-CJA 31 VOUCHER (printer/other services-capital case) received from Gibson Moore Appellate Services, LLC, for opening brief and supplemental appendix. [05-5] (PL) |
| 09/17/2008 | ☐ 200 | Finance entry-CJA 31 VOUCHER (printer/other services-capital case) received from Gibson Moore Appellate Services, LLC, for appendix filed 08/22/08. [05-5] (PL) |

**JA 7494**

| | | |
|---|---|---|
| 09/18/2008 | 190<br>2 pg, 16.98 KB | MOTION filed by Appellant Brandon Leon Basham to exceed length limitations for appendix. Date of service: 09/18/2008 [997938473] [05-5] Timothy Sullivan |
| 09/18/2008 | 191<br>1 pg, 35.1 KB | ORDER filed [997938481] granting motion to exceed length limitations [190]. Copies to all parties. [05-5] (BW) |
| 09/19/2008 | 192<br>1 pg, 36.26 KB | COURT ORDER filed [997939141] granting motion to exceed length limitations [188] Total Words or Total Pages: 75 pages or 17,500 words. Copies to all parties. [05-5] (BW) |
| 09/22/2008 | 193<br>76 pg, 230.33 KB | BRIEF filed by Appellant Brandon Leon Basham in electronic and paper format. Type of Brief: Reply. Method of Filing Paper Copies: hand delivery. Date Paper Copies Mailed, Dispatched, or Delivered to Court: 09/22/2008. [997940577] [05-5] Melissa Meister |
| 09/22/2008 | 194 | REPLY BRIEF (PAPER) file-stamped, on behalf of Brandon Leon Basham. Number of pages: [76]. Entered on Docket Date: 09/22/2008. [997940658] [05-5] (BW) |
| 09/29/2008 | 195<br>2 pg, 85.34 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) filed by Appellee US. [997945294]. [05-5] Thomas Booth |
| 10/02/2008 | 196<br>2 pg, 17.51 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) response filed by Appellant Brandon Leon Basham. [997948496]. [05-5] Melissa Meister |
| 10/09/2008 | 199 | Finance entry-CJA 31 VOUCHER certified for payment to Gibson Moore Appellate Services, Inc for opening brief and supplemental appendix. Different than amount requested? N. If yes state why: [05-5] (DG) |
| 10/09/2008 | 201 | Finance entry-CJA 31 VOUCHER certified for payment to Gibson Moore appellate Services, LLC for appendix filed 8/22/08. Different than amount requested? N. If yes state why: [05-5] (DG) |
| 10/10/2008 | 197<br>2 pg, 12.96 KB | MOTION filed by Appellant Brandon Leon Basham for additional argument time Total time requested: 30 minutes per side.. Date of service: 10/10/2008 [997954368] [05-5] Melissa Meister |
| 10/10/2008 | 198<br>1 pg, 34.72 KB | ORDER filed [997954427] granting Motion additional argument time. (Local Rule 34(d)) [197] Total time granted: 30 minutes for each side. Copies to all parties. [05-5] (SAC) |
| 10/31/2008 | 202 | ORAL ARGUMENT heard before the Honorable KAREN J. WILLIAMS, WILLIAM B. TRAXLER, JR. and ROBERT B. KING. Attorneys arguing case: Ms. Melissa Anne Meister for Appellant Brandon Leon Basham, Mr. Timothy Joseph Sullivan for Appellant Brandon Leon Basham and Mr. Thomas Ernest Booth for Appellee US. Courtroom Deputy: Carla Allison. [997967975] [05-5] (CAD) |
| 11/06/2008 | 203<br>1 pg, 51.99 KB | REQUEST for oral argument tape/CD filed by Brandon Leon Basham. [05-5] (JLE) |
| 11/17/2008 | 204 | Oral argument cd sent to Timothy J. Sullivan with Brennan, Sullivan $ McKenna. [05-5] (JLE) |
| 11/26/2008 | 205 | Finance entry-CJA 31 VOUCHER (printer/other services-capital case) received from Gibson Moore Appellate Services, LLC, for reply brief. [05-5] (PL) |
| 12/23/2008 | 206<br>2 pg, 86.22 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) filed by Appellee US. [998001347]. [05-5] Thomas Booth |
| 12/31/2008 | 207 | Finance entry-CJA 31 VOUCHER certified for payment to Gibson Moore Appellate Services, LLC for reply brief. Different than amount requested? N. If yes state why: [05-5] (DG) |
| 01/23/2009 | 208<br>2 pg, 21.76 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) response filed by Appellant Brandon Leon Basham. [998019053]. [05-5] Timothy Sullivan |
| 01/26/2009 | 209<br>3 pg, 21.18 KB | MOTION filed by Appellant Brandon Leon Basham to approve/authorize Interim Payments for Compensation of Services Renderd and Reimbursement of Expenses, attorney's fees. Date of service: 01/26/2009 [998019690] [05-5] Timothy Sullivan |
| 01/28/2009 | 211<br>1 pg, 51.45 KB | ORDER filed [998021311] denying court-appointed counsel's second motion for interim payments for compensation of services rendered and reimbursement of expenses. Copies to all parties. [05-5] (PL) |
| 03/12/2009 | 212<br>1 pg, 83.88 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28(j)) filed by Appellee US. [998053045]. [05-5] Thomas Booth |
| 03/27/2009 | 213<br>4 pg, 23.74 KB | MOTION filed by Appellant Brandon Leon Basham to appoint/assign counsel.. Date of service: 03/27/2009 [998065114] [05-5] Timothy Sullivan |
| 03/30/2009 | 215<br>57 pg, 234.75 KB | PUBLISHED AUTHORED OPINION filed. Originating case number: CR-02-992 Copies to all parties and the district court/agency. [998065730] [05-5] (BW) |
| 03/30/2009 | 216<br>4 pg, 103.45 KB | JUDGMENT ORDER filed. Decision: Affirmed. Originating case number: CR-02-992. Entered on Docket Date: 03/30/2009. [998065738] Copies to all parties and the district court/agency. [05-5] (BW) |
| 03/30/2009 | 217<br>14 pg, 233.2 KB | CJA 30 VOUCHER and supplemental voucher issued to Attorney Mr. Timothy Joseph Sullivan for Appellant Brandon Leon Basham. [05-5] (BW) |

**JA 7495**

| Date | Doc | Description |
|---|---|---|
| 03/30/2009 | 218<br>13 pg, 213.76 KB | CJA 30 VOUCHER issued to Attorney Ms. Melissa Anne Meister for Appellant Brandon Leon Basham. [05-5] (BW) |
| 03/30/2009 | 219<br>13 pg, 320.73 KB | CJA 30 VOUCHER issued to Attorney Mr. Gregory Poole Harris for Appellant Brandon Leon Basham. [05-5] (BW) |
| 03/30/2009 | 220<br>13 pg, 320.11 KB | CJA 30 VOUCHER issued to Attorney Mr. Jack Bruce Swerling for Appellant Brandon Leon Basham. [05-5] (BW) |
| 03/31/2009 | 221<br>2 pg, 64.24 KB | Copy of decision mailed to defendant. [216], Judgment Order , [215], Opinion [05-5] (LM) |
| 04/06/2009 | 222<br>2 pg, 18.57 KB | MOTION filed by Appellant Brandon Leon Basham to extend filing time for petition for rehearing. Date of service: 04/06/2009 [998070382] [05-5] Timothy Sullivan |
| 04/07/2009 | 223<br>1 pg, 35.14 KB | COURT ORDER filed [998071560] granting motion to substitute counsel [213] David W. DeBruin substituted in place of Melissa Meister as co-counsel for appellant for Basham, Brandon Leon in 05-5. Representation Type: D2.. Copies to all parties. [05-5] (BW) |
| 04/07/2009 | 225<br>1 pg, 61.54 KB | Notice issued re: filing of appearance form.. [05-5] (BW) |
| 04/07/2009 | 226<br>2 pg, 39.91 KB | CJA 30 VOUCHER issued to Attorney Mr. David W. DeBruin for Appellant Brandon Leon Basham. [05-5] (BW) |
| 04/07/2009 | 227<br>1 pg, 36.49 KB | COURT ORDER filed [998072125] granting Motion to extend filing time [222]; updating rehearing deadline. Copies to all parties. [05-5] (BW) |
| 04/21/2009 | 229<br>4 pg, 127.2 KB | NOTICE re: appellant's desire to forego further appeals filed pro se by Brandon Leon Basham. [05-5] (BW) |
| 04/30/2009 | 230<br>1 pg, 75.13 KB | NOTICE ISSUED to Brandon Leon Basham and US requesting response to notice [229]. Response due: 05/07/2009. [998090022] [05-5] (BW) |
| 05/01/2009 | 231<br>3 pg, 31.05 KB | MOTION filed by Appellee US to extend filing time for response. Date of service: 05/01/2009 [998091017] [05-5] Thomas Booth |
| 05/01/2009 | 232<br>1 pg, 49.72 KB | ORDER filed [998091264] granting motion to extend filing time [231]; Response due 05/15/2009. Copies to all parties. [05-5] (BW) |
| 05/04/2009 | 233<br>2 pg, 18.99 KB | MOTION filed by Appellant Brandon Leon Basham to extend filing time for Response to Appellant's Pro Se Notice until June 15, 2009. Date of service: 05/04/2009 [998092277] [05-5] Timothy Sullivan |
| 05/04/2009 | 234<br>2 pg, 19.02 KB | MOTION filed by Appellant Brandon Leon Basham to extend filing time for petition for rehearing until June 12, 2009. Date of service: 05/04/2009 [998092284] [05-5] Timothy Sullivan |
| 05/04/2009 | 235<br>3 pg, 20.37 KB | MOTION filed by Appellant Brandon Leon Basham to approve/authorize Travel and Expenses To Special Confinement Unit, USP-Terre Haute, Pursuant to the Criminal Justice Act. Date of service: 05/04/2009 [998092293] [05-5] Timothy Sullivan |
| 05/05/2009 | 236<br>1 pg, 10.05 KB | ORDER filed [998092886] granting Motion to approve/authorize court-appointed counsel Sullivan's request to visit client at government expense [235] Copies to all parties. [05-5] (PL) |
| 05/05/2009 | 237 | CJA travel authorization issued to Attorney Mr. Timothy Joseph Sullivan for Appellant Brandon Leon Basham to visit client at Terre Haute. [05-5] (PL) |
| 05/12/2009 | 238<br>2 pg, 61.79 KB | COURT ORDER filed [998098092] granting motion to extend filing time [234]; granting motion to extend filing time [233] Copies to all parties. [05-5] (BW) |
| 05/14/2009 | 239<br>8 pg, 54.36 KB | RESPONSE/ANSWER filed by US to Order [232], Motion to extend filing time [231]. [05-5] Thomas Booth |
| 06/11/2009 | 240<br>2 pg, 41.01 KB | NOTICE re: Withdrawal of Notice To The Court And Counsel filed by Brandon Leon Basham. [05-5] Timothy Sullivan |
| 06/11/2009 | 241<br>2 pg, 17.67 KB | RESPONSE/ANSWER filed by Brandon Leon Basham to notice requesting response [230]. [05-5] Timothy Sullivan |
| 06/11/2009 | 242<br>2 pg, 28.89 KB | RESPONSE/ANSWER filed by US to notice [240], Response [239]. [05-5] Thomas Booth |
| 06/12/2009 | 243<br>21 pg, 61.77 KB | PETITION for rehearing and rehearing en banc filed by Brandon Leon Basham. [05-5] Timothy Sullivan |
| 06/15/2009 | 244<br>1 pg, 57.64 KB | Mandate stayed by FRAP 41(d)(1). [05-5] (BB) |
| 06/26/2009 | 245<br>1 pg, 36.33 KB | COURT ORDER filed [998128419] denying motion for rehearing and rehearing en banc [243]. Copies to all parties. [05-5] (BW) |

**JA 7496**

| | | |
|---|---|---|
| 06/30/2009 | ☐ 246 | Finance entry- CJA 30 VOUCHER (capital compensation) for the appeal proceeding received from Attorney Mr. Timothy Joseph Sullivan for Appellant Brandon Leon Basham. [05-5] (PL) |
| 06/30/2009 | ☐ 247 | CJA VOUCHERS requested from Mr. Gregory Poole Harris, Ms. Melissa Anne Meister, and Mr. Jack Bruce Swerling for Appellant Brandon Leon Basham. CJA Vouchers due 07/14/2009. [05-5] (PL) |
| 07/06/2009 | ☐ 248<br>1 pg, 52.76 KB | Mandate issued. Referencing: [216],Judgment Order , [215], Opinion. Originating case number: CR-02-992 [05-5] (BW) |
| 07/13/2009 | ☐ 249 🔒<br>0 pg, 0 KB | [Edited 07/14/2009 by BW]. [Reason for edit: Incorrect Entry Struck]. [998139010] [05-5] Timothy Sullivan |
| 07/14/2009 | ☐ 250<br>2 pg, 76.44 KB | Docket correction requested from Brandon Leon Basham. Re: [249],appearance of counsel [05-5] (BW) |
| 07/14/2009 | ☐ 251 | Finance entry- JOINT CJA 30 VOUCHER (capital compensation) for appeal proceeding received from Mr. David W. DeBruin on behalf of himself and Ms. Melissa Anne Meister for Appellant Brandon Leon Basham. [05-5] (PL) |
| 07/20/2009 | ☐ 252<br>1 pg, 54.74 KB | APPEARANCE OF COUNSEL filed (Local Rule 46(c)) by David W. DeBruin for Brandon Leon Basham. [998143279] [05-5] David DeBruin |
| 09/15/2009 | ☐ 253<br>2 pg, 70.47 KB | SUPREME COURT REMARK--extension granted to file petition for writ of certiorari. Petition for certiorari now due: 11/23/09. [05-5] (DHB) |
| 10/13/2009 | ☐ 254<br>1 pg, 14.03 KB | REQUEST for oral argument tape/CD filed by Robert Lominack of Law Offices of Robert E. Lominack, P.C.. [05-5] (JLE) |
| 10/22/2009 | ☐ 255 | Oral argument cd sent to Robert Lominack. [05-5] (JLE) |
| 11/18/2009 | ☐ 256<br>1 pg, 50.22 KB | ORDER filed [998226253] amending order dated September 13, 2005. Copies to all parties. [05-5] (BW) |
| 12/01/2009 | ☐ 257<br>1 pg, 40.11 KB | SUPREME COURT REMARK--petition for writ of certiorari filed. 11/23/2009. 09-617. [05-5] (DHB) |
| 12/11/2009 | ☐ 258 | Finance entry-CJA 30 VOUCHER certified for payment to Attorney Mr. Timothy Joseph Sullivan for Appellant Brandon Leon Basham. [05-5] (DG) |
| 12/11/2009 | ☐ 259 | Finance entry-CJA 30 VOUCHER certified for payment to Attorney Mr. David W. DeBruin for Appellant Brandon Leon Basham. [05-5] (DG) |
| 06/02/2010 | ☐ 260<br>1 pg, 47.94 KB | SUPREME COURT REMARK--petition for writ of certiorari denied. 06/01/2010 [05-5] (DHB) |
| 10/24/2012 | ☐ 261 | Briefs/Appendices archival information received: Accession Number: 27620100059. Box: 1 of 195 [01-2134, 02-20, 05-5] (AD) |
| 10/24/2012 | ☐ 262 | Briefs/Appendices archival information received: Accession Number: 27620100059. Box: 2 of 195 [05-1329, 05-1851, 05-6981, 05-5, 06-1000, 06-16, 06-17] (AD) |

**JA 7497**